# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES FARRIS,**

    **Plaintiff,**

**v.**                                                 **Civil Action No. 1:11cv79**
                                                               **(Judge Keeley)**

**DOCTOR SCOTT MORGAN**,

    **Defendant.**

## REPORT AND RECOMMENDATION

The plaintiff, a *pro se* state inmate, currently incarcerated at the Mt. Olive Correctional Complex in Mount Olive, WV, initiated this case pursuant to a civil rights complaint filed on May 18, 2011. On May 19, 2011, he was granted leave to proceed *in forma paperis*, and on July 28, 2011, the initial partial filing fee was paid. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

## I. The Complaint

### A. Defendant Dr. Scott Morgan

In the complaint, the plaintiff alleges that defendant Morgan, a medical doctor apparently associated with the Jefferson Memorial Hospital in Ranson, West Virginia, gave false and/or fabricated testimony against him during his jury trial, causing him to be wrongfully convicted. Specifically, plaintiff asserts that Morgan testified regarding the "so-called victim[1] [sic] missing

---

[1] Plaintiff attaches, *inter alia,* two non-consecutive pages from his trial transcript in purported support of his claim. One page appears to be testimony of a member of law enforcement indicating that Dr. Morgan had advised law enforcement that upon his physical exam of the child victim, he found no evidence of sexual assault but did find that the little girl's hymen was not intact, "consistent with the story that she was providing." (Dkt.# 1-1 at 1).

hymen," when there was allegedly no medical or physical facts to link plaintiff to the victim's missing hymen. Plaintiff asserts that defendant Morgan and other unnamed state witnesses "work [sic] in concert with the office of the Prosecuting Attorney for Jefferson County, West Virginia" to convict an "innocent man" and send him to prison for "40 to 100 years." Plaintiff further alleges, without elaboration, that unnamed others also provided fabricated and false testimony against him.

Plaintiff requests damages of "1 Million Dollars, to be Determine [sic] By a Jury[.]"

## II. Standard of Review

Because plaintiff is a prisoner seeking redress, purportedly from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

---

[2] Id. at 327.

The plaintiff's § 1983 claim against defendant Morgan should be dismissed because it is well settled that a witness testifying at a trial is not thereby acting under color of state law.  See Nash v. Reedel, 86 F.R.D. 12, at 2 (U.S.D.C., E.D., Pa. 1979), *quoting* Bennett v. Passic, 545 F.2d 1260 (10th Cir. 19760; Spires v. Bottorf, 332 F.2d 179 (7th Cir. 1964), *cert. denied*, 379 U.S. 938 (1964), *rehearing denied*, 379 U.S. 985 (1965); Stambler v. Dillon, 302 F.Supp. 1250, 1255 (S.D.N.Y. 1969); Pritt v. Johnson, 264 F.Supp. 167 (M.D. Pa. 1967); Smith v. Jennings, 148 F.Supp. 641 (W.D. Mich. 1957). Furthermore, defendant Morgan is entitled to dismissal because a witness testifying at trial has absolute immunity from civil suit for any statements made as a witness. Nash v. Reedel, supra at 2, *citing* Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978). Because pursuant to its judicial review mandated by § 1915A(b), this Court must dismiss a case if it determines a plaintiff is seeking monetary relief against a defendant who is immune from such relief, plaintiff's complaint must be dismissed.

**IV.  Recommendation**

In consideration of the foregoing, it is recommended that the plaintiff's claims against Dr. Scott Morgan be **DENIED** and **DISMISSED** with prejudice.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: August 9, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE