```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JAMES FARRIS,**

    **Plaintiff,**

**v.**　　　　　　　　　　//　　　　CIVIL ACTION NO. 1:11CV79
　　　　　　　　　　　　　　　　　　　　　　(Judge Keeley)

**DOCTOR SCOTT MORGAN,**

    **DEFENDANT.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13],
AND DISMISSING COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

    The pro se plaintiff, James Farris ("Farris"), is an inmate in the custody of the West Virginia Division of Corrections. Accordingly, his complaint is subject to preliminary screening and review. See 28 U.S.C. § 1915A.

    Farris's complaint alleges that he was wrongfully convicted in an underlying criminal case because the defendant, Dr. Scott Morgan ("Dr. Morgan"), testified falsely. He asserts that such false testimony violated his constitutional rights and entitles him to $1,000,000.00 in damages.

    On August 10, 2011, the Honorable James E. Seibert, United States Magistrate Judge ("Magistrate Judge Seibert"), issued a Report and Recommendation ("R&R") recommending that the Court dismiss Farris's complaint with prejudice. The magistrate judge reasoned that Farris is attempting to state claims under 42 U.S.C. § 1983, but that his claims fail as a matter of law because a

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], AND DISMISSING COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

witness testifying on behalf of the prosecution at a criminal trial is not acting under color of state law.  See <u>Nash v. Reedel</u>, 86 F.R.D. 12 (E.D. Pa. 1979) (holding that a witness testifying on behalf of the government at a criminal trial is not acting under color of state law pursuant to 42 U.S.C. § 1983) (citing <u>Bennett v. Passic</u>, 545 F.2d 1260, 1263-64 (10th Cir. 1976); <u>Spires v. Bottorff</u>, 332 F.2d 179, 180 (7th Cir. 1964); <u>Stambler v. Dillon</u>, 302 F. Supp. 1250, 1255 (S.D.N.Y. 1969); <u>Pritt v. Johnson</u>, 264 F. Supp. 167, 169-70 (M.D. Pa. 1967); <u>Smith v. Jennings</u>, 148 F. Supp. 641, 645-46 (W.D. Mich. 1957)).  He reasoned further that trial witnesses enjoy absolute immunity from civil suit for statements they make under oath as witnesses.  See <u>Burke v. Miller</u>, 580 F.2d 108, 110 (4th Cir. 1978) (stating the rule of witness immunity from civil suit).  Magistrate Judge Seibert therefore concluded that Farris fails to state a claim under 42 U.S.C. § 1983.

The R&R specifically warned Farris that his failure to object to the R&R within fourteen days of its receipt would result in his waiver of any appellate rights as to these issues.  See 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Farris has filed timely objections.  See Objections to R&R (dkt. nos. 15, 16, & 17).  These objections, however, fail to identify any legal errors in the R&R, or to establish an exception

to the legal principles it identifies.  Because Farris cannot establish that Dr. Morgan was acting under color of state law when he testified at Farris's underlying criminal trial, or that Dr. Morgan is not immune from civil suit, Farris does not state a claim under 42 U.S.C. § 1983.  The Court therefore **ADOPTS** the magistrate judge's R&R in its entirety (dkt. no. 13), and **DISMISSES** Farris's complaint **WITH PREJUDICE** (dkt. no. 1).

Should Farris wish to appeal this decision, he must file a notice of appeal with the Clerk for this District within thirty days after the entry of the judgment against him.  See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a).

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record, and to mail copies to the pro se plaintiff, via certified mail, return receipt requested.

Dated: August 24, 2011.

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE